**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DIANA MARLEN PANTALEON PANTALEON; CRISTIAN DARIEL NAJERA PANTALEON,* <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-2996 <br><br> Agency Nos. <br> A243-161-888 <br> A243-161-889 <br><br><br> MEMORANDUM** |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2025***
Portland, Oregon

Before: W. FLETCHER, CHRISTEN, and HURWITZ, Circuit Judges.

Diana Marlen Pantaleon Pantaleon and her son petition for review of a

Board of Immigration Appeals ("BIA") decision dismissing their appeal from the

Immigration Judge's denial of their applications for asylum, withholding of

---

\* Petitioners' names are updated to reflect their birth certificates.

\*\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

removal, and Convention Against Torture ("CAT") protection. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

We review the BIA's factual findings for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under that standard, the BIA's findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Substantial evidence supports the BIA's determination that Petitioners did not establish a nexus between their alleged harm and their family membership. Asylum applicants must show that a protected ground was "at least one central reason" for their persecution. *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)). Withholding of removal applicants must show that a protected ground was "a reason" for their persecution. *Id.* at 1146 (quoting *Barajas-Romero v. Lynch*, 846 F.3d 351, 359 (9th Cir. 2017)). Here, the record supports the agency's finding that Los Tlacos extorted Petitioners solely for financial gain. Los Tlacos did not specifically target Diana's husband before he left their hometown of Zopilostoc because the group "took anybody, like, any man . . . . [and] weren't choosing who they were going to take. Likewise, Los Tlacos did not specifically target Petitioners after Diana's husband left because Petitioners testified that Los Tlacos extorted around 20 unrelated individuals at

2

town meetings. A "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Macedo Templos v. Wilkinson*, 987 F.3d 877, 883 (9th Cir. 2021) (quoting *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010)).

Substantial evidence also supports the BIA's denial of CAT protection because Petitioners had not established that they were more likely than not to be tortured with the acquiescence of a governmental official. *Plancarte Sauceda*, 23 F.4th at 834. Petitioners admitted Los Tlacos never tortured or even physically harmed them. *Nuru v. Gonzales*, 404 F.3d 1207, 1217 (9th Cir. 2005) ("Past torture is the first factor we consider in evaluating the likelihood of future torture . . . ."). Los Tlacos has not looked for Petitioners since they left Zopilostoc, and their remaining family members in Zopilostoc are unharmed. Additionally, Petitioners failed to show that a government official acquiesced in Los Tlacos's conduct. *B.R. v. Garland*, 26 F.4th 827, 844–45 (9th Cir. 2022) (holding that substantial evidence supported the BIA's denial of CAT relief where CAT applicant alleged that the Mexican government colluded with cartels and was generally ineffective).

**PETITION DENIED.**